IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EDGAR CUEVAS OJEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: |
| | § | |
| CARGO JET CARRIERS, INC. AND | § | |
| ALEX FRIEDRICH JESSE | § | JURY DEMANDED |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Edgar Cuevas Ojeda ("Plaintiff"), files his Original Complaint against Defendants, Cargo Jet Carriers, Inc. and Alex Friedrich Jesse (collectively "Defendants") and respectfully shows this Court as follows:

## I.
## PARTIES

1.    Plaintiff, Edgar Cuevas Ojeda ("Cuevas") is an individual who resides at 15416 CR 3146 Tyler, Texas 75706, which is located in the Eastern District of Texas.

2.    Defendant, Alex Friedrich Jesse ("Jesse") is an individual residing in the State of New Jersey.  Jesse may be served with personal process at the following address:  6 Decker Lane, Florham Park, New Jersey 07932.

3.    Defendant, Cargo Jet Carriers, Inc. ("Cargo") is an Illinois corporation engaged in and doing business in Texas.  Cargo has not designated and does not maintain a registered agent for service of process in Texas as required by §5.201 of the Texas Business Organizations Code.  Thus,

pursuant to §5.251 of the Texas Business Organizations Code, the secretary of state is the designated agent for service of process for this entity.  Accordingly, it may be served with substituted service of process in the manner prescribed in §5.252 of the Texas Business Organizations Code by serving the Secretary of the State of Texas, Service of Process, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary of State can serve Defendant Cargo at its principal place of business, which is located at 750 Pearson St., Apartment 311, Des Plaines, Illinois 60016.  Alternatively, pursuant to FRCP, 4(h)(1)(B), Plaintiff can serve Defendant's agent for service of process that is on file with the Illinois Secretary of State, Zeljko Basalo, at 750 Pearson St., Apartment 311, Des Plaines, Illinois 60016.

## II.
## JURISDICTION AND VENUE

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1132, because this claim is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

## III.
## FACTUAL BACKGROUND

5.    On or about October 20, 2021, the Plaintiff, Cuevas was traveling in the travel lane of FM 14 approaching the intersection of FM 14 and CR 310 in Smith County, Texas. The weather was clear and pavement dry with no visual obstructions preventing Jesse, who was towing a fully loaded trailer  and attempting to turn left onto FM 14, from seeing the vehicle directly to his right as he pulled out in front of the vehicle being driven by Cuevas.  Cuevas was operating his vehicle

in a careful and prudent manner. He was traveling within the speed limit and was properly operating his vehicle at the time Jesse failed to yield the right of way and slammed into Cuevas as Jesse attempted to enter onto FM 14.  Suddenly and unexpectedly, Jesse, who claims he was stopped at the stop sign for a "good minute", recklessly pulled out onto FM 14 and slammed into Cuevas' vehicle causing a violent collision. (the "Wreck"). Additionally, upon information and belief and based, in part, on the statements made by Jesse to the investigating DPS Trooper, Jordan Duffey, it is believed Jesse was a distracted driver at the time of the Wreck because he was distracted by use of his cell phone to text or talk and/or was distracted because he was streaming videos or was otherwise distracted by an electronic device at the time he failed to yield the right of way and pulled out in front of Cuevas causing the Wreck. If not for Jesse's negligent operation of the tractor and fully loaded trailer in failing to yield the right of way and slamming into the left front of Cuevas' vehicle, Cuevas would not have sustained serious injuries, harms and losses in this Wreck.

6.      Jesse was, at all times relevant hereto, an employee and/or statutory employee and/or permissive operator of the tractor trailer owned or leased by CARGO and which he was operating on the date of the Wreck. Specifically, at all material times relevant to this wreck, Jesse was a permissive user of the 2020 white Volvo tractor and trailer he was towing that was owned or leased by CARGO.  Jesse's failure to properly and safely drive the tractor and fully loaded trailer, on a clear and sunny day and on a straight, level and dry surface, constitutes negligence and *negligence per se* and was the sole cause, or alternatively a proximate cause, of the Wreck that makes the basis of Cuevas's claims in this case.

# IV.
## CAUSES OF ACTION

### *Negligence*

7.     At the time and place in question, CARGO, by and through its statutory employee and/or employee and/or permissive driver, Jesse, committed  the following separate acts of negligence, each of which, singularly or in combination, were a proximate cause of the injuries, harms and losses alleged herein.  Additionally, in the event it is determined that Jesse is not an employee of CARGO, then he was a permissive operator and/or statutory employee of the CARGO and was operating the tractor trailer owned or leased by CARGO with CARGO's knowledge, consent and approval.  Further, Jesse committed the following acts  of negligence for the following reasons:

(a)    Failing to maintain a proper lookout as a professional driver  using ordinary care would have done while operating a tractor and fully loaded trailer;

(b)    Failing to take evasive action as a professional driver  using ordinary care would have done;

(c)    Failing to operate the commercial motor vehicle as a reasonably prudent professional driver would have done under the same or similar circumstances while attempting to change lanes on the date of the wreck;

(d)    Failing to heed traffic laws as a professional driver using ordinary care would have done under the same or similar circumstances;

(e)    Failing to ensure that he could safely stop without slamming into the front driver's side of Cuevas' vehicle while operating the tractor and fully loaded trailer at the time of the Wreck;

(f)    Failing to yield the right of way;

(g)    Failing to be attentive to the traffic around him while driving on Texas roads on the date of the Wreck;

(h)    Failing to timely apply his brakes;

(i)     Failing to identify and see traffic on FM 14 that had the clear right of way and slamming into Cuevas as he lawfully traveled on FM 14;

(j)     Distracted driving because of the use of his cell phone to talk or text and/or because he was streaming videos or otherwise being otherwise distracted by an electronic device while operating one Cargo's owned or leased fleet of commercial motor vehicles; and

(k)     Failing to take appropriate action to avoid the wreck such as a reasonably prudent professional driver  would have done under the same or similar circumstances.

8.    Plaintiff would show that CARGO'S omissions or acts through their officers, employees, vice-principals or agents, as set forth herein and otherwise, constitutes negligence, each and all of which were a proximate cause of the crash and Plaintiff's resulting injuries, harms and losses. These acts and/omissions include but are not limited to the following:

(a)     Failing to develop and implement policies and procedures relating to the safe use of company vehicles by employee/statutory employee driver's or permissive drivers or hired hands over whom it exercised control and who were operating under its DOT authority;

(b)     Failing to adequately and/or properly train and supervise its employee/statutory employee drivers and/or permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority;

(c)     Failing to ensure that its employees/statutory employees, permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority had the requisite amount of experience to operate under its DOT authority;

(d)     Failing to adequately manage, direct, and/or supervise its employees/statutory employees, permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority;

(e)     Failing to adequately manage, direct, and/or supervise its management personnel, including employees/statutory employees, permissive drivers or hired hands over whom it exercised control and who were operating under its DOT authority;

(f)     Failing to exercise reasonable care in the supervision of employees/statutory employees, permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority;

(g)     Failing to reasonably exercise the supervisory right of its employees/statutory employees, permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority;

(h)     Failing to stop its employees/statutory employees, permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority from operating commercial motor vehicles in an unsafe manner by failing to yield the right of way to oncoming traffic on FM 14 as that traffic approached CR 310 and failing to instruct employees/statutory employees, permissive drivers and/or hired hands over whom it exercised control to operate company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the wreck;

(i)     Failing to ensure a competent, adequately trained and experienced employees/statutory employees, permissive driver and/or hired hand over whom it exercised control and who were operating under its DOT authority, was operating the subject tractor and fully loaded trailer prior to and on the date of the Wreck;

(j)     Failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employees/statutory employees, permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority, to ensure employees, permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority were safely operating fully loaded tractor trailers and not failing to yield the right of way to drivers lawfully traveling on Texas roads, including FM 14 in Smith County, Texas;

(k)     Failing to require its agents, servants, employees/statutory employees, permissive drivers and/or hired hands over whom it exercised control and who were operating under its DOT authority could properly and safely operate commercial motor vehicles by obeying traffic laws regarding yielding the right of way to lawful traffic that would allow them to stop before slamming into the driver's side of a vehicle to which he/she did not yield the right of way;

(l)     Failing to demand that Defendant Jesse undergo driver training concerning failing to yield the right of way to vehicles that have the right of way under the law;

(m)     Failing to ensure that a safety meeting occurred relating to right of way issues when
traveling on roads and highway with other drivers prior to Defendant Jesse's
operation of fully loaded tractor trailer on the date of the Wreck;

(n)     Failing to train Jesse on the dangers of distracted driving and/or failing to have
policies in place to identify drivers such as Jesse who were using their cell phone
or other electronic devices to talk, text or stream information and/or videos while
operating one its fleet of commercial motor vehicles; and

(o)     Committing other acts and/or omissions of negligence, which will be specified at
the time of trial.

9.     All of the above identified acts or omissions on the part of CARGO and/or its agents,
servants, employees, statutory employees, trainers, managers, vice-principals, permissive drivers
and/or hired hands over whom it exercised control and who were operating under its DOT
authority, including Jesse, was or were a proximate cause of the wreck that makes the basis of this
lawsuit and the resulting injuries, harms and losses sustained by the Plaintiff.

10.     Plaintiff would show that each of the foregoing acts and/or omissions constituted
negligence and that one, more than one, or all of such acts and/or omissions and various
combinations thereof were a proximate cause of the wreck, and the  injuries, harms and losses
sustained by Plaintiff.

### *Negligence Per Se*

11.     The occurrence made the basis of this suit and the Plaintiff's resulting injuries and
damages were proximately caused by the *negligence per se* of Defendant, Jesse in one or more of
the following respects:

§545.153.  VEHICLE ENTERING STOP OR YIELD INTERSECTION.

(a)  Preferential right-of-way at an intersection may be indicated by a stop sign or yield
sign as authorized in Section 544.003.

---

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                              **PAGE 7**

(b)  Unless directed to proceed by a police officer or official traffic-control device, an operator approaching an intersection on a roadway controlled by a stop sign, after stopping as required by Section 544.010, shall yield the right-of-way to a vehicle that has entered the intersection from another highway or that is approaching so closely as to be an immediate hazard to the operator's movement in or across the intersection.

Tex. Transp. Code:    §545.153

12.    At all times material to this cause of action, Plaintiff belonged to that class of persons for whom said statute was enacted to protect. Plaintiff would also show that each one of the foregoing acts and/or omissions constituted *negligence per se* and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the Wreck, and the serious, painful and permanent injuries sustained and damages incurred by the Plaintiff.

13.    Plaintiff would further show that each one of the foregoing acts and/or omissions also constitute evidence of negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the violent wreck in question, and the serious, painful and permanent injuries, harms and losses sustained by the Plaintiff.

### *Gross Negligence*

14.    Defendant, CARGO, by and through its vice-principals, had actual knowledge, by virtue of hiring and purporting to train and/or failing to train Jesse, that it was responsible for adequately training Jesse on all aspects relating to operating one of its fleet of company vehicles engaged in intrastate commerce, including complying with all traffic laws and all regulations under the Texas Transportation Code, Texas Motor Carrier Safety Regulations ("TMCSR") and/or the Federal Motor Carrier Safety Regulations ("FMCSR").  Additionally, CARGO, by and through its vice-principals, had actual knowledge that it was responsible for ensuring Jesse complied with all policies and procedures of CARGO, including, but not limited to, maintenance issues, cell phone

use, distracted driving policies, defensive driving techniques and driving safety policies.  However, it failed in all respects with regard to its training of JESSE, including, but not limited to, hiring and retaining JESSE as a driver of one of its fleet of company vehicles engaged in interstate and/or intrastate commerce when it knew he was not qualified to operate a motor vehicle. CARGO'S actual knowledge, by and through its vice-principals, of its duties and obligations and its non-compliance with these duties and obligations is a clear indication it knew allowing JESSE to operate one of its owned or leased fleet of company vehicles for use in interstate and/or intrastate commerce without ensuring the JESSE was properly qualified and trained to do so posed a foreseeable, avoidable, and unreasonable risk to other's drivers' safety, including Plaintiff.

15.    Plaintiff would show that the conduct of CARGO, by and through its employee/permissive driver, JESSE, on the date of the wreck, including JESSE's distracted driving, failing to comply with CARGO'S policies and procedures and/or operating the 2020 white Volvo towing a fully loaded trailer owned or leased by CARGO and not ensuring JESSE was properly qualified and trained to operate one of its fleet of company vehicles on Texas highways constitutes "gross neglect" as defined by Tex. Civ. Prac. & Rem. Code Section 41.003(a)(3). The acts and omissions of CARGO, by and through its vice-principals, on the date of the Wreck (i) when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (ii) of which the actor had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.  As a result of this conscious indifference of CARGO and its vice-principals, agents, servants, employees, and/or statutory employees on the date of the wreck, Plaintiff is entitled to recover exemplary damages.

16.     Plaintiff would show that the conduct of JESSE on the date of the Wreck, including being a distracted driver at the time of the Wreck because he was using a cell phone or other electronic device for the purpose of emailing, texting, streaming videos and/or being distracted by an electronic device while operating a CARGO owned or lease commercial motor vehicle on Texas roadways and causing this violent Wreck, constitutes "gross neglect" as defined by Tex. Civ. Prac. & Rem. Code Section 41.003(a)(3).

17.     JESSE was aware of the illegality, and more importantly, the safety concerns of distracted driving especially in one of CARGO's fleet of company vehicles. JESSE knew that driving while distracted involved infringing upon the rights, safety or welfare of others, including the Plaintiff.

18.      The acts and omissions of JESSE on the date of the Wreck, including driving on of CARGO'S fleet of company owned or leased vehicles while being distracted and/or consciously disregarding traffic laws, including failing to yield the right of way (i) when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (ii) of which the actor had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.  As a result of this conscious indifference of JESSE, Plaintiff is entitled to recover exemplary damages.

## V.
## OTHER PLEAS

*Statutory Employee*

19.     At all times material to this cause of action, Jesse was for all purposes a statutory employee of CARGO as contemplated by both the Federal Motor Carrier Safety Responsibility Act

---

("FMCSR") and Texas statute.  An employer, as defined by FMSCR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…" 49 C.F.R. § 390.5 (1997).  Texas has incorporated, by reference, Parts 40, 380, 382, 385-387, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations.  *See* 37 Tex. Admin. Code § 4.11(a) (2023) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 40, 380, 382, 385-387, 390-393, and 395-397 including all interpretations thereto, as amended through September 1, 2022.")  However, as in interstate motor carrier, CARGO is subject to all provisions of the FMCSRs, not just those adopted by Texas. CARGO is vicariously liable for the negligent actions of Jesse.

*Respondent Superior*

20.    At all times relevant hereto, Jesse, was in the course and scope of his employment with CARGO and/or one of the companies owned or controlled by CARGO and/or was under CARGO' supervision, direction and control as a statutory employee operating the fully loaded tractor trailer on the date of the Wreck and/or the permissive user of CARGO' fully loaded tractor trailer at the time of the Wreck, thereby rendering CARGO vicariously liable for the actions of its employee and/or statutory employee and/or permissive user and/or hired hand, Jesse.

## VI.
## DAMAGES

21.    Plaintiff suffered serious and permanent injuries, harms and losses when Jesse failed to control his speed and caused this violent Wreck. As a result of this Wreck, Plaintiff sustained injuries, harms and losses which include, but are not limited to:  physical pain and mental anguish

sustained in the past and that, in reasonable probability, will be sustained in the future; physical impairment sustained in the past and that, in reasonable probability, will be sustained in the future; disfigurement sustained in the past and that, in reasonable probability, will be sustained in the future; loss of earning capacity in the past and that, in reasonable probability, will be sustained by him in the future, medical care expenses in the past and that, in reasonable probability, will be sustained in the future and loss of household services sustained in the past and that, in reasonable probability, will be sustained in the future.  Specifically, Plaintiff sustained injuries to his left knee and lower back in the Wreck, which injuries have required him to undergo multiple surgeries.

## VII.
## JURY DEMAND

22.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff is making a request that a jury be impaneled to decide the factual issues of this case and is paying the required  jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have a judgment against Defendants, for all damages described above and in the full amounts allowed by law, as well as the following:

    a.    A judgment in excess of the jurisdictional limits of this Court;

    b.    Actual damages;

    c.    Exemplary damages;

    d.    Pre-judgment interest;

    e.    Post-judgment interest;

    f.    Court costs and expenses; and

g.    All such other relief, whether at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

/S/ Daryl L. Derryberry
**DARYL L. DERRYBERRY-ATTORNEY IN CHARGE**
State Bar Card No. 05774600
dld@dzwlaw.com
**CRAIG D. ZIPS**
State Bar Card No. 00797720
czips@dzwlaw.com
**DERRYBERRY ZIPS PLLC**
1043 Asher Way, Suite 200
Tyler, TX 75703
(903) 526-2767
(903) 526-2714 (Facsimile)

AND

**J. CHAD PARKER, PLLC**
3808 Old Jacksonville Road
Tyler, Texas 75701
Telephone:    903-509-3400
Facsimile:    903-509-3401
**J. CHAD PARKER**
Chad@jchadparker.com
State Bar No. 00786153
**AMY MILLS**
amy@jchadparker.com
State Bar No. 00784607

**ATTORNEYS FOR PLAINTIFF**

---

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **PAGE 13**